UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

RUDY AROCHA,
    Plaintiff,

v.

TRENT ALLEN, et al.,
    Defendants.

Case No. 23-cv-00293-RS (PR)

**ORDER OF DISMISSAL**

# INTRODUCTION

Plaintiff alleges a fellow prisoner spread rumors about him and that the prison warden and the Secretary of the CDCR failed to stop his behavior and that of other prisoners. His 42 U.S.C. § 1983 complaint containing these allegations is now before the Court for review pursuant to 28 U.S.C. § 1915A(a).

The complaint fails to state a claim for relief. A fellow prisoner, who is a private individual and not a state actor, cannot be held liable under § 1983. Also, the allegations against the warden and the CDCR Secretary are conclusory. Furthermore, plaintiff admits he has not exhausted his claims. Accordingly, this federal civil rights action is DISMISSED without prejudice to plaintiff exhausting his claims.

# DISCUSSION

**A.    Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, a court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim

upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1), (2). Pro se pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). Furthermore, a court "is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.      Legal Claims**

Plaintiff alleges that in 1993 prison officials at Pelican Bay State Prison recorded him engaging in non-consensual private sex acts with another prisoner. (Compl., Dkt. No. 25 at 3.) This recording was used to label plaintiff falsely as gay and a sex offender. (*Id.*) He also alleges that in 2005 prison employees at Mule Creek State Prison recorded him being strip-searched, which led to various forms of harassment and abuse. (*Id.*) He also alleges that further acts of harassment occurred at the Los Angeles County Jail in 2020. (*Id.*) He also alleges that in 2021 at Salinas Valley State Prison he filed a PREA complaint against a fellow prisoner (Barrios) for spreading false rumors about plaintiff's sexuality. (*Id.*) Prison employees responded to his PREA complaint by fabricating "more false/misleading sex-offender records" and images. (*Id.*) Other prisoners, he alleges, made phones calls to his family to extort money and harass. (*Id.* at 6.) He alleges in a

conclusory fashion that the warden of Salinas Valley and the Secretary of the CDCR (Kathleen Allison) knew of the prisoners' acts and failed to prevent them and end the harassment.  (*Id.*)

These allegations do not state a claim for relief.[1]  Prisoners are private actors, not state ones, and therefore they cannot be held liable under § 1983.  *See Gomez v. Toledo*, 446 U.S. 635, 640 (1980) (a private individual does not act under color of state law, an essential element of a § 1983 action).  Purely private conduct, no matter how wrongful, is not covered under § 1983.  *See Ouzts v. Maryland Nat'l Ins. Co.*, 505 F.2d 547, 550 (9th Cir. 1974).  Simply put:  There is no right to be free from the infliction of constitutional deprivations by private individuals.  *See Van Ort v. Estate of Stanewich*, 92 F.3d 831, 835 (9th Cir. 1996).  Accordingly, the claims against the prisoners are DISMISSED.

The allegations against the warden and Secretary do not state a claim for relief.  Conclusory allegations that these persons knew of these acts and failed to stop them do not plausibly establish liability.  Also, a person cannot be held liable for a constitutional violation under 42 U.S.C. § 1983 unless they were integral participants in the unlawful conduct.  *Keates v. Koile*, 883 F.3d 1228, 1241 (9th Cir. 2018).  Nothing in the complaint shows that these defendants were integral participants in the allegedly unlawful conduct or that there is plausible basis for allegations they failed to stop the harassment of plaintiff.  The claims against the supervisory defendants are DISMISSED <u>without</u> prejudice.

Plaintiff admits he has not exhausted his administrative remedies.  He checked the NO box in response to the question "Is the last level to which you appealed the highest level of appeal available to you?"  (Compl., Dkt. No. 25 at 2.)  Also, the only grievances he describes are a PREA complaint, which is insufficient to exhaust administrative

---

[1] The allegations regarding events at Pelican Bay would not make timely claims and the Court infers that plaintiff included them as a history of the alleged abuse, as he included the allegations of events at other prisons and jails.  Also, the alleged events at Mule Creek State Prison and the Los Angeles County Jail occurred outside this district.  Any claims regarding those events must be raised in the appropriate district court.

remedies;[2] grievances filed at Mule Creek State Prison and the Los Angeles County Jail, which cannot suffice to exhaust his claims regarding events at Salinas Valley; and a grievance he filed at Salinas Valley, which is attached to the complaint and which complains about the behavior of Barrios only — there is no mention of the Secretary or the warden.  Because this does not comply with CDCR regulations, which require a grievant to name all staff persons involved and describe their involvement in the issue, it is clear from the face of the complaint that plaintiff has not exhausted his administrative remedies.  The Prison Litigation Reform Act provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. 1997e(a).  Compliance with the exhaustion requirement is "mandatory," *Porter v. Nussle*, 534 U.S. 516, 524 (2002), and is "no longer left to the discretion of the district court," *Woodford v. Ngo*, 548 U.S. 81, 84 (2006).  An action must be dismissed unless the prisoner exhausted his available administrative remedies before he or she filed suit, even if the prisoner fully exhausts while the suit is pending.  *McKinney v. Carey*, 311 F.3d 1198, 1199 (9th Cir. 2002); *see Vaden v. Summerhill*, 449 F.3d 1047, 1051 (9th Cir. 2006) (where administrative remedies are not exhausted before the prisoner sends his complaint to the court it will be dismissed even if exhaustion is completed by the time the complaint is actually filed).  The complaint will be dismissed without prejudice to plaintiff exhausting his administrative remedies.

## CONCLUSION

This federal civil rights action is DISMISSED without prejudice to plaintiff exhausting his administrative remedies and revising his allegations to provide sufficient factual matter to state a claim for relief.  Because this dismissal is without prejudice,

---

[2] Compliance with PREA does not excuse the requirement of administrative exhaustion. *Porter v. Howard*, 531 Fed. App'x 792, 793 (9th Cir. 2013); *Myers v. Grubb*, No. 12-29, 2013 WL 352194, at *1 (D. Mont. Jan. 29, 2013).

plaintiff may move to reopen.  Any such motion must (1) have the words MOTION TO REOPEN written on the first page; and (2) be accompanied by an amended complaint in which plaintiff shows he has exhausted his administrative remedies and which pleads factual content that allows the Court to draw the reasonable inference that each defendant is liable for the misconduct alleged.  The Clerk shall enter judgment in favor of defendants, and close the file.

**IT IS SO ORDERED.**

**Dated:**  October 2, 2024

_____
RICHARD SEEBORG
Chief United States District Judge